**FILED
CLERK**

7/19/2016 10:57 am

**U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
SALLY HASSANEIN and WAIEL HUSSEIN,

        Plaintiffs,

  -against-

THE STANDARD FIRE INSURANCE COMPANY,

        Defendant.
----------------------------------------------------------------X

**ORDER**
14-CV-2470 (SJF)(ARL)

FEUERSTEIN, District Judge:

      Pending before the Court is the Report and Recommendation of the Honorable Arlene R. Lindsay, United States Magistrate Judge, dated June 28, 2016 ("the Report") (a) recommending that so much of the unopposed motion of defendant The Standard Fire Insurance Company ("defendant") as seeks to dismiss the complaint of plaintiffs Sally Hassanein and Waiel Hussein ("plaintiffs") pursuant to Rule 41(b) of the Federal Rules of Civil Procedure be granted and that this case be dismissed with prejudice for failure to prosecute; and (b) advising the parties, *inter alia*, (i) that they "shall have fourteen (14) days from service of th[e] Report . . . to file written objections[,]" (Report at 4), and (ii) that a "[f]ailure to file objections within th[at] period waives the right to appeal the District Court's Order[,]" (*id.*) (emphasis omitted) (citing 28 U.S.C. § 636(b)(1); *Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C.*, 596 F.3d 84, 92 (2d Cir. 2010); *Beverly v. Walker*, 118 F.3d 900, 902 (2d Cir. 1997); and *Savoie v. Merchants Bank*, 84 F.3d 52, 60 (2d Cir. 1996)). Defendant served a copy of the Report upon plaintiffs via first class mail to both their address of record and their apparently new address in Huntington, New York on June 29, 2016. (*See* Docket Entry ["DE"] 87). Nonetheless, plaintiffs have not filed any objections to the Report, nor sought an extension of time to do so. For the reasons stated herein, Magistrate Judge Lindsay's Report is accepted in its entirety.

1

I.   DISCUSSION

   A.   Standard of Review

Any party may serve and file written objections to a report and recommendation of a magistrate judge on a dispositive matter within fourteen (14) days after being served with a copy thereof. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). Any portion of such a report and recommendation to which a timely objection has been made is reviewed *de novo*. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). The court, however, is not required to review the factual findings or legal conclusions of the magistrate judge as to which no proper objections are interposed. *See Thomas v. Arn,* 474 U.S. 140, 150, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985). Where a party "received clear notice of the consequences of the failure to object" to a report and recommendation on a dispositive matter, *Frank v. Johnson*, 968 F.2d 298, 300 (2d Cir. 1992) (quotations and citation omitted); *accord Small v. Secretary of Health and Human Svcs.*, 892 F.2d 15, 16 (2d Cir. 1989), his "failure to object timely to [that] report waives any further judicial review of the report." *Frank*, 968 F.2d at 16; *see also Smith v. Campbell*, 782 F.3d 93, 102 (2d Cir. 2015); *Caidor v. Onondago County*, 517 F.3d 601, 604 (2d Cir. 2008).

Nonetheless, the waiver rule is "nonjurisdictional" and, thus, the Court may excuse a violation thereof "in the interests of justice." *King v. City of New York, Dep't of Corr.*, 419 F. App'x 25, 27 (2d Cir. Apr. 4, 2011) (summary order) (quoting *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993)); *see also DeLeon v. Strack*, 234 F.3d 84, 86 (2d Cir. 2000). "Such discretion is exercised based on, among other factors, whether the defaulted argument has substantial merit or, put otherwise, whether the magistrate judge committed plain error in ruling against the defaulting party." *Spence v. Superintendent, Great Meadow Corr. Facility*, 219 F.3d 162, 174 (2d Cir. 2000); *accord King*, 419 F. App'x at 27.

B    Review of Report

Since plaintiffs have not filed any objections to Magistrate Judge Lindsay's Report, nor sought an extension of time to do so, they have "waive[d] any further judicial review of the findings contained in the [R]eport." *Spence*, 219 F.3d at 174. Moreover, as the Report is not plainly erroneous, the Court will not exercise its discretion to excuse plaintiffs' default in filing timely objections to the Report in the interests of justice. Accordingly, the Report is accepted in its entirety and, for the reasons set forth therein, so much of defendant's motion as seeks to dismiss plaintiffs' complaint pursuant to Rule 41(b) of the Federal Rules of Civil Procedure is granted and this case is dismissed in its entirety with prejudice for failure to prosecute.

II.  CONCLUSION

For the reasons set forth herein, Magistrate Judge Lindsay's Report is accepted in its entirety and, for the reasons set forth therein, so much of defendant's motion as seeks to dismiss plaintiffs' complaint pursuant to Rule 41(b) of the Federal Rules of Civil Procedure is granted and this case is dismissed in its entirety with prejudice for failure to prosecute. The Clerk of the Court shall enter judgment in favor of defendant, close this case and, pursuant to Rule 77(d)(1) of the Federal Rules of Civil Procedure, serve notice of entry of this order upon plaintiffs by mailing a copy of the order to them at both their address of record and their apparently new address, *i.e.*, 2 Mannetto Court, Huntington, New York 11743.

SO ORDERED.

/s/
SANDRA J. FEUERSTEIN
United States District Judge

Dated: July 19, 2016
       Central Islip, New York